CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
NOV 0 3 2006 in C'ville
JOHN F. CORCORAN, CLERK
BY: /s/ J. Maralee
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LEROY M. THURSTON, JR., *Plaintiff*, v. AMERICAN PRESS, LLC, *Defendant* | CIVIL NO. 3:06cv00045 <br><br> ORDER and OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, filed on October 11, 2006 (docket entry no. 7). For the following reasons, this motion will be GRANTED unless Plaintiff, within fifteen days, files an amended complaint addressing the deficiencies below.

Plaintiff sued Defendant on September 19, 2006 and Defendant moved to dismiss on October 11, 2006, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On the same day, a notice was sent to Plaintiff giving him fifteen days to respond to Defendant's motion. Plaintiff responded on November 1, 2006.[1] This motion is therefore ripe for decision.

The gist of Plaintiff's complaint appears to be that Defendant would not hire him because someone from the Louisa County School System told Defendant not to. Plaintiff states that he successfully sued "Louisa County Schools" in 1997, winning a $24,000 judgment. He then alleges that "American Press ... would not hire me in 2000 because Louisa County School told them not to hire" him and that the Equal Employment Opportunity Commission "brought

---

[1] Plaintiff's response is untimely; nevertheless, its contents do not alter the Court's analysis.

charges against them."[2] Later, Plaintiff claims, in "2005, American Press would not hire me again[] ... after I pass[ed] their test (written)."

The issue here, then, is whether this complaint complies with the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint contain first "a short and plain statement of the grounds upon which the court's jurisdiction depends," second "a short and plain statement of the claim showing that the pleader is entitled to relief," and third "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Here, Plaintiff has failed to comply with the first and third requirements of Rule 8(a). Although the pleading requirements under Rule 8(a) are liberal, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Intern., Inc.*, 248 F.3d 321, 326 (4th Cir. 2001).

Defendants also assert that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss for failure to state a claim unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be

---

[2] It is not clear whether "them" refers to the Louisa County School system or to American Press.

proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). These tests are "prospective, not retrospective" and look "to what a plaintiff *can* show, not what she *has* shown." *Jordon v. Bowman Apple Prods. Co.*, 728 F. Supp. 409, 411 (W.D. Va. 1990) (emphasis added).

Additionally, the court is not required to accept legal conclusions without a basis in fact. *See, e.g., Edwards*, 178 F.3d at 244 ("[F]or purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a Plaintiff's complaint."); *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979) (holding that a mere allegation in the complaint that the defendants acted under color of state law was insufficient to withstand scrutiny under Rule 12(b)(6) because, "[w]ere it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint").

*Swierkiewicz* is particularly applicable here. In *Swierkiewicz*, the Supreme Court held that a plaintiff seeking relief under Title VII need not allege a prima facie case in his complaint. *See Swierkiewicz*, 534 U.S. at 510 ("The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement."). The Court did note, however, that Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. The Court held that because the *Swierkiewicz* plaintiff had alleged that he was terminated based on his national origin in violation of Title VII, that he was terminated based on his age in violation of the ADEA, "detailed the events leading to his termination," and "provided relevant dates," the complaint gave the defendant the required fair notice. *See id.* at 514.

Here, Plaintiff's complaint does not rise to the minimal expectations required as a result of *Swierkiewicz*. It is possible that Plaintiff here is suing pursuant to Title VII for retaliation or discrimination, but the complaint is not clear enough to put Defendant on notice of such a possible claim.[3]

For the foregoing reasons, Defendant's motion will be GRANTED unless Plaintiff, within fifteen days, files an amended complaint addressing the deficiencies stated above. Specifically, Plaintiff shall:

For the following reasons, this motion below.

1) state the grounds for this Court's jurisdiction;

2) make a demand for judgment for the relief Plaintiff seeks; and

3) state a claim upon which relief could be granted.

If Plaintiff is unable to amend or chooses not to amend within the time allotted, the Court will grant Defendant's motion and order this case dismissed.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: /s/ Norman K. Moon
United States District Judge

November 3, 2006
Date

---

[3] The Court notes that some of the information contained as a part of Plaintiff's untimely response to Defendant's motion to dismiss may be relevant to his stating a claim upon which relief could be granted and could appropriately be included in or with his amended complaint.