CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for C'ville
APR 0 4 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LEROY M. THURSTON, JR., *Plaintiff,* v. AMERICAN PRESS, LLC, *Defendant* | CIVIL NO. 3:06cv00045<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on December 20, 2006 (docket entry no. 22). For the following reasons, Defendant's motion will be GRANTED IN PART and DENIED IN PART in an order to follow.

## I. BACKGROUND

Plaintiff applied for a job with Defendant in 2000. Plaintiff claims Defendant failed to hire him because Defendant learned that Plaintiff had earlier sued his previous employer, the Louisa County school system. After Defendant rejected Plaintiff's application on January 2, 2001, Plaintiff filed a complaint against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a right-to-sue letter on March 30, 2001; the charge notified Plaintiff that he had ninety days within which to sue Defendant.

Plaintiff applied again for a job with Defendant, this time on June 30, 2005. Plaintiff alleged in his amended complaint[1] that Defendant failed to hire him because of his 2001 EEOC complaint against Defendant. According to Plaintiff, Defendant's Human Resources manager at

---

[1] In addition to Title VII violations, Plaintiff's amended complaint seems to suggest that he was wrongfully terminated by the Louisa County school system, but because Plaintiff only named American Press as a Defendant and because the only claims applicable to American Press are the Title VII retaliation claims, only those claims will be considered.

- 1 -

the time, Tessy Schlemmer, asked Plaintiff during the initial interview why he had filed charges against Defendant in 2001 and allegedly told Plaintiff that he should seek employment elsewhere.

Plaintiff sued, alleging retaliation in violation of Title VII.[2] Defendant has moved for summary judgment. Defendants argue that Plaintiff's retaliation claim for Defendant's alleged failure to hire in 2001 is time barred. With respect to the 2005 alleged failure to hire, Defendant argues first that there is no genuine issue of material fact with respect to causation in Plaintiff's prima facie case and second, even assuming a prima facie case, there is no genuine issue of material fact with respect to the requirement that Plaintiff show that Defendant's proffered reason for not hiring him is a pretext for discrimination.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party (here, Plaintiff), determines that the Rule 56(c) standard has been met. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc*, 763 F.2d 604, 610 (4th Cir. 1985).

---

[2] "It shall be an unlawful employment practice for an employer to discriminate against any ... applicant[] for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3(a) (2007).

If the nonmoving party bears the burden of proof, as is the case here, "the burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

A court must grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but ... [must] by affidavits or as otherwise provided in ... [Rule 56] set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Indeed, Plaintiff cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant," here, Plaintiff, "cannot create a genuine issue of material fact."). If the proffered evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Anderson*, 477 U.S. at 242). The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Id.* (quoting *Celotex*, 477 U.S. at 317).

## III. DISCUSSION

### A. Failure to Hire: 2001

Plaintiff first alleges that Defendant's failure to hire him in late 2000 constituted retaliation for Plaintiff's earlier filing of a complaint against a former employer, the Louisa

County school system. Plaintiff filed a complaint with the EEOC alleging this and the EEOC investigated. Following the investigation, the EEOC issued Plaintiff a right-to-sue letter dated March 30, 2001, which stated that Plaintiff "may only pursue this matter by filing suit against [Defendant] within 90 days of receipt of this letter" and that failure to do so will mean that Plaintiff's "right to sue will be lost."[3]

An aggrieved party has 90 days from the date he received this notice to file suit. *See* 42 U.S.C.A. § 2000e-5(f)(1) (2007). An aggrieved party is presumed to have received the right-to-sue letter within three days of the date is was mailed. *See* Fed. R. Civ. P. 6(e); *Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984), *Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922 n.7 (E.D. Va. 1989). A plaintiff who fails to file suit within the 90-day window forfeits his right to bring that claim in court. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993).

Here, Plaintiff's claim of retaliation based on Defendant's failure to hire him in 2001 is clearly time barred: the right-to-sue letter was issued in 2001 but Plaintiff did not file suit until 2006, more than five years later. Therefore, Defendant's motion for summary judgment with respect to Plaintiff's first allegation must be, and will be, GRANTED.

## B. Failure to Hire: 2005

Plaintiff also alleges that Defendant failed to hire him in 2005 because Plaintiff filed an EEOC complaint against Defendant based on the latter's failure to hire him in 2001.

Plaintiff argued at the summary judgment hearing that during his initial interview with Defendant, Schlemmer asked Plaintiff why he had filed an EEOC charge against Defendant four years earlier. Schlemmer then told Plaintiff that he should seek other employment.

---

[3] The right-to-sue letter also indicated that the EEOC investigation determined that Defendant violated 29 C.F.R.

- 4 -

Defendant contends, however, that it was Plaintiff who broached the subject of the 2001 EEOC charge during the interview and that Schlemmer's statement that Plaintiff should seek other employment was only in response to a letter she received from Plaintiff—thirteen days after the interview—that allegedly accused her of being discriminatory. Schlemmer stated that she tells many applicants to continue to look for other employment while Defendant considers the applicants' applications.

Clearly, there is a genuine issue regarding the following two facts: (a) who first brought up Plaintiff's earlier EEOC charge at the initial interview and (b) the timing and manner in which Schlemmer stated to Plaintiff that he should "seek other employment." Although Plaintiff did not file affidavits, his own statements at the summary judgment hearing revealed his position on these two facts.[4]

Defendant argues that Plaintiff cannot defeat a summary judgment motion on these bare assertions. Plaintiff must "set forth specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), and his mere conjecture and speculation will not defeat a properly supported motion for summary judgment, *see, e.g., Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001). Although pro se Plaintiff did not file counter-affidavits, I find that his evidence—in the form of his own statements at oral argument, if repeated at trial—is sufficient to establish a genuine issue of fact. This is especially true in light of the fact that Defendant acknowledged that the conversation at issue actually took place and only disputes the specifics of the conversation between Plaintiff and Schlemmer. The Court is required to give latitude to a pro

---

§ 1602.14 by untimely destroying employment applications. That matter is not before this Court and will not be addressed.

[4] Plaintiff thrice filed papers with the Court seeking to have certain witnesses subpoenaed, but all three motions were denied: two because Plaintiff's request for witnesses "for trial" were filed before a trial date was set and one because Plaintiff sought to have Defendant both supply the witnesses's addresses and pay for subpoenaing the witnesses.

se plaintiff. *See, e.g., Boyd v. Werner*, 416 F. Supp. 1222, 1225 (W.D. Pa. 1976) ("[I]n view of the admonition that the court construe a pro se complaint more liberally than a complaint drafted by counsel, the court will not enter summary judgment against plaintiff upon the basis of his failure to comply with Rule 56(e)."); *c.f. Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); *Waller v. Butkovich*, 605 F. Supp. 1137, 1140 (M.D.N.C. 1985) ("[T]he Court notes the especially lenient treatment with which it must consider pro se pleadings when faced with a motion to dismiss those pleadings.").

The second issue, then, is whether those facts are material.

Material facts are those that "bear directly on 'an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Nasis-Parsons v. Wayne*, No. 4:05CV36, 2006 WL 1555913, at *3 (E.D. Va. June 1, 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Here, to succeed at trial, Plaintiff would have to show direct evidence of retaliation, or, in the absence of direct evidence, he may use the *McDonnell Douglas* burden-shifting framework. *See, e.g., Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). "Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001). Plaintiff's allegations, if true, would not fit the mold of direct evidence. Therefore, Plaintiff must utilize the burden-shifting framework.

In such a case, a plaintiff "must first establish a prima facie case of retaliation, whereupon the burden shifts to the employer to establish a legitimate non-retaliatory reason for the action."

- 6 -

Case 3:06-cv-00045-NKM-BWC   Document 39   Filed 04/04/07   Page 6 of 8   Pageid#: 218

*Price*, 380 F.3d at 212. "If the employer sets forth a legitimate, non-retaliatory explanation for the action, the plaintiff then must show that the employer's proffered reasons are pretextual or his claim will fail." *Id.* A plaintiff can prove pretext by showing that the defendant employer's explanation is unworthy of credence or by offering other circumstantial evidence that is sufficiently probative of retaliation. *See id.* But Plaintiff is not required to offer *additional* evidence to show pretext than that which he offered to make out his prima facie case; Plaintiff can survive summary judgment so long as Plaintiff has offered sufficient evidence to allow a reasonable jury to disbelieve Defendant's proffered reason for not hiring him. *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–49 (2000). I find here that Plaintiff has done so.

To establish a prima facie case of retaliation, Plaintiff must show three elements by a preponderance of the evidence: (1) that he engaged in a protected activity, (2) that Defendant took an adverse employment action against Plaintiff, and, most importantly for the instant discussion, (3) a causal connection between the protected activity and the adverse employment action. *See, e.g., Price*, 380 F.3d at 212; *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002). The contested element here is causation. Defendant argues that the mere passage of time tends to negate an inference of discrimination. But Plaintiff's testimony, if true, would tend to support an inference of discrimination

Additionally, a reasonable jury could conclude from Plaintiff's testimony that Defendant's proffered reason for not hiring him—its inability to secure information from Plaintiff's former employers—is false. As such, his allegations are material.

A reasonable jury could infer from Plaintiff's framing of the facts that Defendant violated his rights under Title VII. Although this may not necessarily be the case, it is sufficient at this

stage that Plaintiff establish that there is a genuine issue of material fact.

Because there is a genuine issue of material fact, Defendant's motion on Plaintiff's second count must be and hereby is DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to both parties.

ENTERED: *[signature]*
United States District Judge

April 4, 2007
Date

- 8 -