CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUN 0 1 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LEROY M. THURSTON, JR., *Plaintiff,* | CIVIL NO. 3:06cv00045 |
| v. | ORDER and OPINION |
| AMERICAN PRESS, LLC, *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion for an extension of time to retain counsel, filed on May 30, 2007 (docket entry no. 44). For the following reasons, this motion is hereby DENIED.

This is not the first time Plaintiff, who is proceeding pro se, has expressed his inability to secure counsel. In Plaintiff's initial complaint, filed on August 29, 2006, Plaintiff stated that "No Lawyers that I have talked to will take my case[]." (Compl. at 7) In his response to Defendant's motion to dismiss, filed on November 1, 2006, Plaintiff asked the court "to allow [him] about two more months to find a lawyer" and stated that he was "going out of state to Washington, DC to get a lawyer," "to Howard University Law School and George Washington University Law School." (*See* Pl.'s Resp. in Opp'n, docket entry no. 13) In a motion to correct, filed on December 5, 2006, Plaintiff stated that "I have an appointment with [a] Georgetown Law School Professor in the next two weeks about taking my case." (*See* Mot. to Amend, docket entry no. 17) Finally, in the motion currently before me, Plaintiff states that he has, on several occasions, contacted a Richmond law firm that is well respected for its handling of civil rights and Title VII cases, but that "the secretary has not called me for an appointment" because the secretary "keeps saying the lawyers are tied up." (Mot. for Extension, docket entry no. 44).

Although a district court has the discretion to appoint counsel for a Title VII plaintiff, "the Court lacks authority to compel a lawyer to represent a plaintiff in a civil matter." *Sherman v. Verizon Va., Inc.*, 220 F.R.D. 260, 263 (E.D. Va. 2002). Here, it appears that Plaintiff has spoken to a vast number of lawyers in trying to have one of them represent him, including lawyers at three different law schools from "out of state." I can only assume from Plaintiff's admittedly earnest efforts to secure counsel that the lawyers he has contacted—for whatever reason—do not want to represent him. I simply cannot compel a lawyer to represent Plaintiff here.[1]

As is clear, Plaintiff has been trying feverishly to secure counsel since at least nine months ago when he filed his initial complaint. I am not convinced that a continuation of this matter for any additional time would result in Plaintiff actually securing counsel. Nothing indicates that he will be more successful in the coming month than he has been over the past nine months.

Accordingly, Plaintiff's motion (docket entry no. 44) is hereby DENIED.

Additionally, I remind Plaintiff that the deadlines for completing discovery and for filing dispositive motions, as set forth in the pretrial order (docket entry no. 12), and any other deadlines shall remain intact.

Nothing in this order should dissuade Plaintiff from continuing to seek representation. Indeed, Plaintiff has been encouraged since the beginning of this litigation to seek the assistance of a lawyer.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

---

[1] This is especially true in cases such as this one, where Plaintiff has on numerous occasions alleged misconduct

ENTERED: /s/ Norman K. Moon
United States District Judge

June 1, 2007
Date

---

by attorneys who have represented him in previous cases.

- 3 -

Case 3:06-cv-00045-NKM-BWC   Document 45   Filed 06/01/07   Page 3 of 3   Pageid#: 229